| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **Patrick** | **Melvin** | **Souter** |
| | First Name | Middle Name | Last Name |
| Debtor 2 | **Hope** | **Sharon** | **Souter** |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | EASTERN DISTRICT OF WISCONSIN | | |
| Case number (if known) | **19-30573** | | |

☐ Check if this is an amended filing

Official Form Plan for the
Eastern District of Wisconsin
## Chapter 13 Plan                                                             10/17

### Part 1:  Notices

**To Debtors:** **This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not mean that the option is necessarily appropriate for you. Plans that do not comply with local rules and judicial rulings may not be confirmable. Nothing in this plan controls over a contrary court order.**

**THIS FORM PLAN MAY NOT BE ALTERED OTHER THAN THE NONSTANDARD PROVISIONS IN PART 8 BELOW.**
*Nonstandard provisions set out elsewhere in this plan are ineffective.*

*In the following notice to creditors, you must check each box that applies.*

**To Creditors:** **Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated.**
You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one.

If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation. The objection must be filed within 28 days of the completion of the Section 341 Meeting of Creditors. Failure to file a timely objection constitutes acceptance of the plan and its terms. The court will schedule a hearing on any timely filed objections. The court may confirm this plan without further notice if no objection is filed. In addition, a timely proof of claim **must** be filed in order to receive payments from the trustee under this plan.

**Note to Secured Creditors:** If your secured claim is not provided for in Part 3 below, no funds will be disbursed to you by the trustee on your secured claim.

The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not included" or if both boxes are checked, the provision will be ineffective even if otherwise provided for in the plan.***

| 1.1 | A limit on the amount of a secured claim, set out in Section 3.2, which may result in a partial payment or no payment at all to the secured creditor | ■ Included | ☐ Not Included |
|---|---|---|---|
| 1.2 | Avoidance of a judicial lien or nonpossessory, nonpurchase-money security interest, set out in Section 3.4 | ☐ Included | ■ Not Included |
| 1.3 | Nonstandard provisions, set out in Part 8 | ■ Included | ☐ Not Included |

### Part 2:  Plan Payments and Length of Plan

**2.1 Debtor(s) will make regular payments to the trustee as follows:**

  **$2,934.00**  per  **Month**  for  **60**  months
*Insert additional lines if needed.*

The plan may not provide for payments over a period that is longer than 60 months.

| Debtor | **Patrick Melvin Souter** | Case number | **19-30573** |
|---|---|---|---|
| | **Hope Sharon Souter** | | |

For OVER median income debtors, the plan must be 60 months or a shorter period that is sufficient to pay allowed nonpriority unsecured claims in full.

For UNDER median income debtors, the debtor(s) must make sufficient periodic or other payments to enable the trustee to make the payments to creditors stated in this plan, regardless of the number of months indicated in this part of the plan. Thirty-six or more months after confirmation, the plan's term will end when all holders of allowed nonpriority unsecured claims have received the payment amount or percentage stated in Part 5. Prior to 36 months after confirmation, the plan term will end when all holders of allowed claims have received the payment required by the plan and holders of nonpriority unsecured claims have been paid in full. The plan term will not end earlier than stated in this Part 2 if there is a creditor listed in § 4.5 of this plan that will receive less than full payment of its claim under 11 U.S.C. §§ 1322(a)(4) and 507(a)(1)(B).

**2.2 Regular payments to the trustee will be made from future income in the following manner:**

*Check all that apply:*
- ■ Debtor(s) will make payments pursuant to a payroll deduction order.
- ☐ Debtor(s) will make payments directly to the trustee.

Please note: Debtors are responsible for any payments set forth in the plan or confirmation order that are not withheld under a payroll deduction order.

**2.3 Income tax refunds.**

The debtor(s) will supply the trustee with a copy of each federal and state income tax return filed during the plan term within 14 days of filing any return. The tax refunds received by the debtor(s) must be accounted for on Schedules I and J and, if applicable, Form 22-C-2.

**2.4 Additional payments.**
*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 2.4 need not be completed or reproduced.*

- ■ Debtor(s) will make additional payment(s) to the trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.
  **Bi-weekly payments of $1,000 shall be made by payroll deduction from Hope's wages.**

**2.5 The total amount of estimated payments to the trustee provided for in §§ 2.1 and 2.4 is $ 321,000.00 .**

### Part 3: Treatment of Secured Claims

**3.1 Maintenance of payments and cure of default, if any.**

*Check one.*
- ☐ **None.** *If "None" is checked, the rest of § 3.1 need not be completed or reproduced.*
- ■ The debtor(s) will maintain payments during the case on the secured claims listed below by paying the claimant directly. For allowed secured claims provided for in the plan, the trustee will disburse payments on any arrearage sufficient to pay the arrearage in full, with interest, if any, at the stated rate. If the Interest rate on arrearage column is left blank, no interest will be paid. The trustee will disburse payment on any arrearage listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) or 3004, and amounts so listed control over any contrary amounts stated below as to the current installment payment and arrearage. The trustee will disburse amounts listed in the Monthly plan payment on arrearage column each month. If no amount is listed in the Monthly plan payment on arrearage column, the trustee will disburse payments to the creditors listed in this Part pro rata with other secured creditors that do not receive equal monthly payments. If a secured creditor obtains relief from the automatic stay as to collateral listed in this section, the trustee will cease payments to that creditor, and the plan will be deemed not to provide for secured claims based on that collateral.

The final column includes only payments disbursed by the trustee rather than by the debtor(s).

| Name of Creditor | Collateral | Current installment payment - Disbursed by Debtor (including escrow) | Amount of arrearage - Disbursed by Trustee (if any) | Interest rate on arrearage (if applicable) | Monthly plan payment on arrearage | Estimated total payments by trustee |
|---|---|---|---|---|---|---|

| Debtor | **Patrick Melvin Souter** | | | Case number | **19-30573** | |
| --- | --- | --- | --- | --- | --- | --- |
| | **Hope Sharon Souter** | | | | | |

| Creditor | Collateral | Monthly payment to creditor | Claim Amount | Interest Rate | | Amount of secured claim |
| --- | --- | ---: | --- | --- | --- | ---: |
| **Bank of New York Mellon** | 3800 Knollwood Place Racine, WI 53403 Racine County<br>FMV of $124,000.00 - [9% brokers' fee and closing costs] = | $1,400.00 | Prepetition:<br>$14,624.00 | 0.00% | | $14,624.00 |
| **BSI Financial Services** | 205 S. Emmertsen Road Racine, WI 53406 Racine County<br>FMV = Tax Assessed FMV of $496,800.00 - [9% broker's fees and Closing Costs] | $2,332.00 | Prepetition:<br>$18,600.00 | 0.00% | | $18,600.00 |
| **Wells Fargo Home Mortgage** | 2831 Kenwood Dr. Racine, WI 53403 Racine County<br>FMV of $112,000.00 - [9% brokers' fee and closing costs] = | $930.00 | Prepetition:<br>$6,424.00 | 0.00% | | $6,424.00 |
| **Wis. Dept. of Workforce Development** | All Debtors' property | $1,681.00 | Prepetition:<br>$0.00 | 0.00% | | $0.00 |
| **Wis. Dept. of Workforce Development** | All Debtors' Property | $600.00 | Prepetition:<br>$0.00 | 0.00% | | $0.00 |
| **Wis. Dept. of Workforce Development** | All Debtors' property | $600.00 | Prepetition:<br>$0.00 | 0.00% | | $0.00 |
| **Wis. Dept. of Workforce Development** | All Debtors' property | $452.00 | Prepetition:<br>$0.00 | 0.00% | | $0.00 |

*Insert additional claims as needed.*

**3.2 Request for valuation of security, payment of fully secured claims, and modification of undersecured claims.** *Check one.*

- ☐ **None.** *If "None" is checked, the rest of § 3.2 need not be completed or reproduced.*
  **The remainder of this paragraph will be effective only if the applicable box in Part 1 is checked.**

- ■ The debtor(s) request that the court determine the value of the secured claims listed below. For each non-governmental secured claim, the debtor(s) state that the value of the secured claim should be as set out in the *Amount of secured claim* column. If the total amount of the proof of claim is less than the amount listed in the *Amount of secured claim* column, the lower amount listed on the proof of claim will be paid in full with interest as provided below. For secured claims of governmental units, the value of a secured claim listed in a proof of claim filed in accordance with the Bankruptcy Rules controls over any contrary amount listed below. For each listed claim, the value of the secured claim will be paid in full with interest at the rate stated below.

  If no entry is made in the *Interest rate* column, the proof of claim controls the rate of interest. If no interest rate is listed in the plan or proof of claim, then no interest will be disbursed by the trustee. The trustee will disburse amounts listed under the Monthly payment to creditor column in equal monthly payments. If no amount is listed in the Monthly plan payment column, the trustee will disburse payments pro rata with other secured creditors. If the court orders relief from the

automatic stay as to any item of collateral listed in this paragraph, the trustee will cease disbursement of all payments under this paragraph as to that collateral, and the plan will be deemed not to provide for all secured claims based on that collateral.

The portion of any allowed claim that exceeds the amount of the secured claim will be treated as an unsecured claim under Part 5 of this plan. If the amount of a creditor's secured claim is listed below as having no value, the creditor's allowed claim will be treated in its entirety as an unsecured claim under Part 5 of this plan. The amount of the creditor's total claim listed on the proof of claim controls over any contrary amounts listed in this paragraph.

The holder of any claim listed below as having value in the *Amount of secured claim* column will retain the lien on the property interest of the debtor(s) or the estate(s) until the earlier of:

(a) payment of the underlying debt determined under nonbankruptcy law, or

(b) discharge of the underlying debt under 11 U.S.C. § 1328, at which time the lien will terminate and be released by the creditor.

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| Associated Bank | $25,000.00 | 205 S. Emmertsen Road Racine, WI 53406 Racine County FMV = Tax Assessed FMV of $496,800.00 - [9% broker's fees and Closing Costs] | $452,088.00 | $278,036.00 | $25,000.00 | 0.00% | Prorata | $25,000.00 |
| Aurora Health Care Southern Lakes | $2,806.00 | All Debtors' real property | $1,361,633.00 | $0.00 | $2,806.00 | 12.00% | Prorata | $3,589.27 |
| Capital One Bank USA NA | $2,137.00 | All Debtors' real property | $1,361,633.00 | $0.00 | $2,137.00 | 12.00% | Prorata | $2,733.52 |
| Capital One Bank USA NA | $6,559.00 | MISCELLANEOUS PURCHASES | $0.00 | $0.00 | $6,559.00 | 0.00% | Prorata | $6,559.00 |
| Gregory T. Eiserman DDS | $764.00 | All Debtors' real property | $1,361,633.00 | $0.00 | $764.00 | 12.00% | Prorata | $977.23 |
| Keystone Heating & Air Conditioning | $638.00 | All Debtors' real property | $1,361,633.00 | $0.00 | $638.00 | 12.00% | Prorata | $816.11 |

| Debtor | **Patrick Melvin Souter** | | | Case number | **19-30573** | | |
| --- | --- | --- | --- | --- | --- | --- | --- |
| | **Hope Sharon Souter** | | | | | | |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
| --- | --- | --- | --- | --- | --- | --- | --- | --- |
| Milwaukee Orthopedic Group Limited | $1,371.00 | All Debtors' real property | $1,361,633.00 | $0.00 | $1,371.00 | 6.50% | Prorata | $1,562.77 |
| North Star Acquisition LLC | $2,424.00 | All Debtors' real property | $1,361,633.00 | $0.00 | $2,424.00 | 12.00% | Prorata | $3,100.65 |
| Racine County Treasurer | $15,900.00 | 2906 Kenwood Dr. Racine, WI 53403 Racine County  FMV of $112,000.00 - [9% brokers' fee and closing costs] = | $101,920.00 | $0.00 | $15,900.00 | 12.00% | Prorata | $20,338.21 |
| Racine County Treasurer | $14,941.00 | 2909 Pinehurst Ave. Racine, WI 53403 Racine County  FMV of $120,000.00 - [9% brokers' fee and closing costs] = | $109,200.00 | $0.00 | $14,941.00 | 12.00% | Prorata | $19,111.54 |
| Racine County Treasurer | $31,366.00 | 2903 Kenwood Dr. Racine, WI 53403 Racine County  FMV of $131,000.00 - [9% brokers' fee and closing costs] = | $119,210.00 | $0.00 | $31,366.00 | 12.00% | Prorata | $40,121.20 |

| Debtor | **Patrick Melvin Souter** <br> **Hope Sharon Souter** | | | | Case number | **19-30573** | | |
|---|---|---|---|---|---|---|---|---|

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Racine County Treasurer** | $15,974.00 | 2800 Norwood Dr. Racine, WI 53403 Racine County FMV of $131,000.00 - [9% brokers' fee and closing costs] = | $119,210.00 | $0.00 | $15,974.00 | 12.00 % | Prorata | $20,432.85 |
| **Racine County Treasurer** | $21,303.00 | 4614 Durand Ave. Racine, WI 53403 Racine County FMV of $102,000.00 - [9% brokers' fee and closing costs] = | $92,820.00 | $0.00 | $21,303.00 | 12.00 % | Prorata | $27,249.36 |
| **Racine County Treasurer** | $25,086.00 | 5020 Emstan Hills Road Racine, WI 53405 Racine County FMV of $144,000.00 - [9% brokers' fee and closing costs] = | $131,040.00 | $0.00 | $25,086.00 | 12.00 % | Prorata | $32,088.28 |

| Debtor | **Patrick Melvin Souter** | | | | Case number | **19-30573** | | |
| | **Hope Sharon Souter** | | | | | | | |

| Name of creditor | Estimated amount of creditor's total claim | Collateral | Value of collateral | Amount of claims senior to creditor's claim | Amount of secured claim | Interest rate | Monthly payment to creditor | Estimated total of monthly payments |
|---|---|---|---|---|---|---|---|---|
| **Racine County Treasurer** | **$22.00** | **205 S. Emmertsen Racine, WI 53406 Racine County Lot =2 total acres 3.46 FMV of $23,500.00 - [9% brokers' fee and closing costs] = Issues with lot: Needs improvements of water, gas, sewer, etc. Also requires easement for access** | **$21,385.00** | **$0.00** | **$22.00** | **12.00 %** | **Prorata** | **$28.14** |

*Insert additional claims as needed.*

**3.3 Secured claims excluded from 11 U.S.C. § 506.**

*Check one.*
■    **None**. *If "None" is checked, the rest of § 3.3 need not be completed or reproduced.*

**3.4 Lien avoidance**.

*Check one.*
■    **None.** *If "None" is checked, the rest of § 3.4 need not be completed or reproduced.*

**3.5 Surrender of collateral.**

*Check one.*
■    **None.** *If "None" is checked, the rest of § 3.5 need not be completed or reproduced.*

**3.6 Pre-confirmation adequate protection payments.**

*Check one.*
■    **None.** *If "None" is checked, the rest of § 3.6 need not be completed or reproduced.*

| Part 4: | **Treatment of Priority Claims (including Attorney's Fees and Domestic Support Obligations)** |

**4.1 General**
Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in § 4.5, will be paid in full without post-petition interest unless otherwise provided in the plan.

**4.2 Trustee's fees**
Trustee's fees are governed by statute and may change during the course of the case but are estimated to be **6.00**% of plan payments; and during the plan term, they are estimated to total $**18,169.80**.

| Debtor | **Patrick Melvin Souter** | Case number | **19-30573** |
|---|---|---|---|
| | **Hope Sharon Souter** | | |

**4.3 Attorney's fees.**

The balance of the fees owed to the attorney for the debtor(s) is estimated to be $**2,000.00**.

**4.4 Priority claims other than attorney's fees and domestic support obligations as treated in § 4.5.** The priority debt amounts listed on a filed proof of claim control over any contrary information or amounts listed in this section. *Check one.*
- ☐ **None**. *If "None" is checked, the rest of § 4.4 need not be completed or reproduced.*
- ■ The debtor(s) estimate the total amount of other priority claims to be **$1,150.00** as detailed below.

| Name of Creditor | Estimated amount of priority unsecured claim |
|---|---|
| **Internal Revenue Service** | $0.00 |
| **MICHELSON LAW OFFICE** | $0.00 |
| **Wis. Dept. of Workforce Development** | $1,150.00 |
| **Wisconsin Dept. of Revenue** | $0.00 |

*Insert additional claims as needed.*

**4.5 Domestic support obligations.** The priority debt amounts listed on a filed proof of claim control over any contrary amounts listed in this section.

*Check one or more.*

- ■ **None.** *If "None" is checked, the rest of § 4.5 need not be completed or reproduced.*

---

### Part 5: Treatment of Nonpriority Unsecured Claims

**5.1 Nonpriority unsecured claims not separately classified.**

Allowed nonpriority unsecured claims that are not separately classified will be paid pro rata. If more than one option is checked, the option providing the largest payment will be effective. *Check all that apply.*
- ■ The sum of $ **42,326.00**
- ☐ ____% of the total amount of these claims, an estimated payment of $____

If the estate of the debtor(s) were liquidated under chapter 7, nonpriority unsecured claims would be paid approximately $ **566,446.45**. Regardless of the options checked above, payments on allowed nonpriority unsecured claims will be made in at least this amount.

**5.2 Maintenance of payments and cure of any default on nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.2 need not be completed or reproduced.*

**5.3 Other separately classified nonpriority unsecured claims.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 5.3 need not be completed or reproduced.*

### Part 6: Executory Contracts, Unexpired Leases, and Post-Petition Claims Filed Under § 1305

**6.1 The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.** *Check one.*

- ■ **None.** *If "None" is checked, the rest of § 6.1 need not be completed or reproduced.*

**6.2 Post-petition claims filed under 11 U.S.C. § 1305.** *Check one.*

■ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse no funds on any that claim.

| Debtor | **Patrick Melvin Souter** | Case number | **19-30573** |
|---|---|---|---|
| | **Hope Sharon Souter** | | |

☐ If any post-petition claims are filed under 11 U.S.C. § 1305 during the term of this plan, the trustee will disburse funds on the claim. Debtor(s) will modify the plan if necessary to maintain plan feasibility.

## Part 7: Vesting of Property of the Estate and Order of Distribution of Available Funds by the Trustee

**7.1 Property of the estate will vest in the debtor(s) upon**

*Check the applicable box:*

☐ plan confirmation.
■ entry of discharge (unless a debtor is not eligible for a discharge, in which case property of the estate will vest in the debtor(s) upon the filing of the Notice of Plan Completion on the docket by the trustee).
☐ other: _____

**7.2 Order of distribution of available funds by the trustee after plan confirmation.**

Regular order of disbursement after trustee fees:

Any equal monthly payments to secured creditors listed in Part 3, then

all attorney's fees listed in § 4.3, then

all secured debt (paid pro rata) without equal monthly payments in Part 3 and lease arrearages in § 6.1, then

all priority debt (paid pro rata) under § 1322(a)(2) in §§ 4.4 and 4.5, then

all priority debt (paid pro rata) under § 1322(a)(4) in § 4.5, then

all non-priority unsecured debt (paid pro rata) in Part 5, then

any § 1305 claims in § 6.2.

**Should the case be dismissed or converted to another chapter, the trustee will refund all funds on hand to the debtor(s).**

| Debtor | Patrick Melvin Souter | Case number | 19-30573 |
|---|---|---|---|
| | Hope Sharon Souter | | |

## Part 8: Nonstandard Plan Provisions

**8.1  Check "None" or List Nonstandard Plan Provisions**
  ☐  **None.** *If "None" is checked, the rest of Part 8 need not be completed or reproduced.*

*Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the Official Form or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.*

*The following plan provisions will be effective only if there is a check in the box "Included" in § 1.3.*

**SECURITY INTEREST DISCHARGE:** Secured creditors' liens on personal property will be released the earlier of the date the debt is paid in full under non-bankruptcy law or the debtor is granted discharge under §1328 in this case. The creditor shall within 30 days of receipt of the notice of the entry of the Discharge Order, execute a release of its security interest on the said title or certificate, in the space provided therefore on the certificate or as the Division of Motor Vehicles prescribes, and mail or deliver the certificate and release to the debtor(s) or the attorney for the debtor(s). Confirmation of this plan shall impose an affirmative and direct duty on each such secured party to comply with the provision. This provision shall be enforced in a proceeding filed before the Bankruptcy Court and each such creditor consents to such jurisdiction by failure to file any timely objection to this plan. Such an enforcement proceeding may be filed by the debtor(s) in this case either before of after the entry of the discharge order and either before or after the closing of this case. The debtor(s) specifically reserve the right to file a motion to reopen this case under Section 350 of Title 11 of the Unites States Code to pursue the rights and claims provided for herein.

**POST-PETITION FEES, EXPENSES & CHARGES:** Post-Petition Notice of fees, expenses and charges filed pursuant to Federal Rules of Bankruptcy Procedure 3002.1(c) shall be treated as supplemental proofs of claim and be paid pro rata through the plan at the same time as other secured creditors, unless objected to and the amount is set by or disallowed by the court. The debtor will modify the plan if necessary to maintain plan feasibility. No such claims will be paid where the debtor has provided for the lien to be avoided or for the property to be surrendered by this plan.

**PLAN PAYMENT:** Wage deduction shall be from both debtors' wages as follows: $2,934 monthly direct from Debtors, and $1,000 bi-weekly from Hope's wages, by payroll order.

**WORKFORCE DEVELOPMENT:** Debtors will pay the State of Wisconsin Workforce Development and Unemployment Compensation claims pursuant to an agreement reached prior to filing at the rate of $3,333.12 per month.

The amounts paid on each Workforce Development debt listed in section 3.1 are estimates. The payment will be applied as Wisconsin Department Development determines.

## Part 9: Signatures:

**9.1  Signatures of Debtor(s) and Debtor(s)' Attorney**
*If the Debtor(s) do not have an attorney, the Debtor(s) must sign below; otherwise the Debtor(s) signatures are optional. The attorney for the Debtor(s), if any, must sign below.*

X  **/s/ Patrick Melvin Souter**
   **Patrick Melvin Souter**
   Signature of Debtor 1

   Executed on   **November  5, 2019**

X  **/s/ Hope Sharon Souter**
   **Hope Sharon Souter**
   Signature of Debtor 2

   Executed on   **November  5, 2019**

X  **/s/ ABRAHAM MICHELSON**
   **ABRAHAM MICHELSON**
   Signature of attorney for Debtor(s)

Date   **November  5, 2019**

**By filing this document, each debtor, if not represented by an attorney, or the attorney for each debtor also certifies that the wording and order of the provisions in this Chapter 13 plan are identical to those contained in the Official Form Plan for the Eastern District of Wisconsin, other than any nonstandard provisions included in Part 8.**

## Exhibit: Total Amount of Estimated Trustee Payments

The following are the estimated payments that the plan requires the trustee to disburse. If there is any difference between the amounts set out below and the actual plan terms, the plan terms control.

| | | |
|---|---|---:|
| a. | **Maintenance and cure payments on secured claims** (*Part 3, Section 3.1 total*): | **$39,648.00** |
| b. | **Modified secured claims** (*Part 3, Section 3.2 total*): | $203,708.13 |
| c. | **Secured claims excluded from 11 U.S.C. § 506** (*Part 3, Section 3.3 total*): | $0.00 |
| d. | **Judicial liens or security interests partially avoided** (*Part 3, Section 3.4 total*): | $0.00 |
| e. | **Fees and priority claims** (*Part 4, total*): | $21,319.80 |
| f. | **Nonpriority unsecured claims** (*Part 5, Section 5.1, highest stated amount*): | $42,326.00 |
| g. | **Maintenance and cure payments on unsecured claims** (*Part 5, Section 5.2 total*) | $0.00 |
| h. | **Separately classified unsecured claims** (*Part 5, Section 5.3 total*) | $0.00 |
| i. | **Trustee payments on executory contracts and unexpired leases** (*Part 6, total*) | $0.00 |
| j. | **Nonstandard payments** (*Part 8, total*)                                      + | $0.00 |
| | **Total of lines a through j** | **$307,001.93** |